**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert Rye, Sr., )   No.  CV-25-02903-PHX-SPL
                 )
         Plaintiff, )   **ORDER**
                 )
vs.              )
                 )
Equifax Information Services LLC, et )
al.,             )
                 )
         Defendants. )

Before the Court is Defendant Greater Texas Federal Credit Union's Motion to Dismiss the Complaint (Doc. 11), Plaintiff Robert Rye Sr.'s Response (Doc. 15), and Defendant's Reply (Doc. 19). For the following reasons, the Motion to Dismiss will be granted.[1]

## I.    BACKGROUND

This case arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 1 at 1, ¶ 1). Plaintiff brought suit against Equifax Information Services, LLC ("Equifax"), which has since been dismissed from this case,[2] and against Defendant Greater Texas Federal Credit Union ("Defendant"). (*See* Doc. 1). Plaintiff opened a

---

[1]    Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2]    Plaintiff and Equifax filed a stipulation to dismiss Equifax as a party on February 20, 2026. (Doc. 33). The Court granted the Stipulation for Dismissal and dismissed Equifax with prejudice on February 23, 2026. (Doc. 34).

checking and savings account with Defendant in 1982 when he was thirteen years-old and living in Texas. (Doc. 15 at 3). Plaintiff opened a credit card account with Defendant in 2009 when he was living in Virginia and moved to Arizona the following year, where he has lived since. (*Id.*). The reporting of Plaintiff's credit card account ("the Account") is at issue here. (*See* Doc. 1).

On September 11, 2018, Plaintiff filed a Chapter 13 Bankruptcy in the District of Arizona. (*Id.* at 10, ¶ 56). Plaintiff received an Order of Discharge on October 10, 2023 and alleges that the Account was discharged as part of the bankruptcy proceedings. (*Id.* at 10–11, ¶¶ 58, 69). During the bankruptcy case, Plaintiff avers that Defendant "filed two proof of claims" and "accept[ed] payments from Plaintiff." (Doc. 15 at 12).

After Plaintiff was discharged from the bankruptcy, Equifax prepared consumer reports concerning Plaintiff. (*Id.* at 10–11). Plaintiff alleges that Equifax inaccurately reported the Account as a "Charge-Off" account "with a balance of $24,938," even though the Account was discharged through the bankruptcy proceedings. (*Id.* at 11, ¶¶ 67–70). Thus, Plaintiff alleges that Equifax inaccurately represented that Plaintiff was legally responsible for a debt on the Account. (*Id.* at 12, ¶¶ 72–73). Plaintiff disputed the report and informed Equifax that the Account was discharged through the bankruptcy proceedings. (*Id.* ¶ 77). Plaintiff alleges that Equifax forwarded the dispute to Defendant, but Defendant "failed to conduct a reasonable investigation" into the Account and instead "continued to furnish inaccurate data to Equifax despite possessing information from which [Defendant] could have reported [the Account] accurately." (*Id.* at 13–14, ¶¶ 87–88). Plaintiff alleges that in failing to investigate the status of the Account, Defendant violated the FCRA, 15 U.S.C. § 1681s-2(a), (b). (*Id.* at 20–23).

Defendant filed a Motion to Dismiss, arguing that this Court does not have personal jurisdiction over Defendant, which is a credit union based in Austin, Texas. (Doc. 11). Plaintiff asks the Court to deny the Motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(2) authorizes dismissal for lack of

personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion is based on written materials rather than an evidentiary hearing, as here, the Court must determine "whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). A plaintiff "cannot 'simply rest on the bare allegations of its complaint,'" but "uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citation omitted).

Federal courts ordinarily "appl[y] the law of the state in which the district court sits." *Id.* "Arizona's long-arm jurisdictional statute is co-extensive with federal due process requirements; therefore, the analysis of personal jurisdiction under Arizona law and federal due process is the same." *Biliack v. Paul Revere Life Ins. Co.*, 265 F. Supp. 3d 1003, 1007 (D. Ariz. 2017). For a court to exercise personal jurisdiction, federal due process requires that a defendant have "certain minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

Personal jurisdiction can be general or specific. *Biliack*, 265 F. Supp. 3d at 1007. The Ninth Circuit applies a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of establishing the first two prongs. *Id.* If the first two prongs are satisfied, the burden shifts to the defendant "to

3

'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### III.   DISCUSSION

In the Motion to Dismiss, Defendant argues that this Court lacks both general and specific personal jurisdiction over Defendant. (Doc. 11 at 3–11). Plaintiff concedes that Defendant is not subject to general personal jurisdiction in the District of Arizona.[3] (Doc. 14 at 8). Thus, the parties dispute whether Defendant has sufficient minimum contacts such that there is specific personal jurisdiction in the District of Arizona.

Turning to the first prong of the specific personal jurisdiction analysis, Plaintiff must demonstrate that Defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). Both parties appear to agree that purposeful direction test applies here. (*See* Docs. 11, 15, 19). "In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (alteration in original) (citation omitted). The effects test, which determines if the purposeful direction element is met, requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. (citation omitted).

Plaintiff argues that "[b]y not investigating Plaintiff's dispute, and confirming inaccurate information to Equifax, [Defendant] was committing an intentional act aimed at

---

[3]   Defendant points out that Plaintiff alleged in his Complaint that "[v]enue in the District of Texas is proper." (Doc. 11 at 2 (citing Doc. 1 at 2)). Because Plaintiff filed the Complaint in the District of Arizona and argues in his Response that this Court has personal jurisdiction over Defendant, the Court will interpret that allegation as error, rather than as a concession.

Plaintiff in Arizona." (Doc. 15 at 12). Plaintiff also asserts that Defendant "engaged in transactions with Plaintiff in the State or Arizona" because Plaintiff "made deposits," "withdrew money," "received credit," and "received monthly bank statements" from Defendant. (*Id.* at 11). Further Plaintiff argues that Defendant knew Plaintiff resided in Arizona because it "filed two proof of claims" in Plaintiff's bankruptcy case in Arizona and that by "accepting payments from Plaintiff during Plaintiff's bankruptcy," Defendant engaged in intentional acts aimed at Arizona. (*Id.* at 12).

In *Myers v. Bennett Law Offs.*, 238 F.3d 1068, 1074 (9th Cir. 2001), the Ninth Circuit evaluated specific personal jurisdiction in the context of FCRA claims. The Ninth Circuit determined that the defendant in *Myers* purposefully availed itself in the forum state because "the primary damage is the mental distress" which could "only be felt where Plaintiffs' 'sensibilities' reside." *Id.* (citations omitted). It determined that the state where the plaintiff lived "is the focal point of both the credit report inquiry and of the harm suffered." *Id.* (citations and alterations omitted). However, other courts have noted that this rule does not square with the United States Supreme Court's more recent decision in *Walden v. Fiore*, 571 U.S. 277, 285 (2014), in which the Court held that "the plaintiff cannot be the only link between the defendant and the forum." *See, e.g.*, *Zellerino v. Roosen*, 118 F. Supp. 3d 946, 951 (E.D. Mich. 2015); *Deveroux v. TT Marketing, Inc.*, No. 1:18-CV-487 AWI SAB, 2018 WL 3968249, at *5 (E.D. Cal. Aug. 16, 2018). Indeed, the Ninth Circuit has since clarified: "Following *Walden*, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc. v. Acerchem Intern., Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017).

Here, Plaintiff has failed to show that Defendant's acts were expressly aimed at the forum state. The theory behind Plaintiff's claim is that Defendant "failed to conduct a reasonable investigation" into the status of the Account and "continued to furnish inaccurate data to Equifax despite possessing information" to the contrary. (Doc. 1 at 13–

14, ¶¶ 87–88). But Plaintiff does not plead, or explain in the briefing, how this the failure to investigate or the reporting to Equifax constitutes an act expressly aimed at Arizona. (*See* Docs. 1, 15). Plaintiff argues that there is purposeful direction because Defendant knew Plaintiff was a resident of Arizona, as evidenced by Defendant's participation in the bankruptcy case and the fact that Defendant engaged in banking transactions with Plaintiff. (Doc. 15 at 11–12). However, the fact that Defendant knew Plaintiff resided in Arizona when it furnished the credit information to Equifax does not establish purposeful direction because "the mere knowledge that plaintiff lived in [the forum state] or that the effects of [the act] would be felt here is not sufficient, without something more, to establish personal jurisdiction." *Kambarov v. Accurate Background, LLC*, No. 3:23-cv-01103-YY, 2024 WL 5395289, at *5 (D. Or. Dec. 2, 2024); *see also Deveroux*, 2018 WL 3968249, at *5 (concluding that "direct targeting alone is not sufficient" when the plaintiff alleged that the defendant misreported the debt, knowing that the plaintiff was a resident of the forum state).

Moreover, the other acts Plaintiff identifies, such as Defendant's participation in the bankruptcy proceedings and furnishing of monthly reports to Plaintiff, are not sufficient to confer personal jurisdiction. "There must be contacts by the defendant with the forum, not merely with a forum resident." *Deveroux*, 2018 WL 3968249, at *5. Plaintiff has not provided examples of any of Defendant's own acts that would constitute purposeful direction or purposeful availment in Arizona. *Cf. Zavala v. First Advantage Background Servs. Corp.*, No. 2:23-cv-02637-SPG-PD, 2025 WL 2324629, at *5 (C.D. Cal. May 27, 2025) ("By advertising the availability of services in California, entering into a contract to conduct a public records search in California, and actually conducting the search in the state, with knowledge that the search would be used to determine the employment of a California resident by a California company, [the defendant] purposefully directed its activities at California."). Finally, to the extent that Defendant's participation in the bankruptcy proceedings constitute an intentional act aimed at the forum state, Plaintiff does not allege that those acts caused harm, nor can it be said that the claim arises out of those

acts. *See Mavrix Photo*, 647 F.3d at 1228; *Schwarzenegger*, 374 F.3d at 802. Therefore, Plaintiff has not shown that the first prong of the specific personal jurisdiction test is satisfied. *See Schwarzenegger*, 374 F.3d at 802.

### IV.   CONCLUSION

For all these reasons, Plaintiff has failed to establish that Defendant expressly aimed any intentional acts toward Arizona. There is no general or personal jurisdiction over Defendant in this district. The Court will grant the Motion and dismiss Defendant Greater Texas Federal Credit Union from this action.

Accordingly,

**IT IS ORDERED** that Defendant Greater Texas Federal Credit Union's Motion to Dismiss the Complaint (Doc. 11) is **granted**. Plaintiff's claim against Defendant Greater Texas Federal Credit Union is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action accordingly.

Dated this 31st day of March, 2026.

Honorable Steven P. Logan
United States District Judge